IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KERRY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MINCING TRADING CORPORATION, <br> d/b/a MINCING OVERSEAS SPICE COMPANY, <br> and THE CAMDEN FIRE INSURANCE <br> ASSOCIATION, <br><br> Defendants. | No.: <br><br> Judge: <br><br><br><br> TRIAL BY JURY REQUESTED |

## COMPLAINT

NOW COMES Plaintiff, KERRY, INC., by and through its undersigned attorneys, and complains of Defendants, MINCING TRADING CORPORATION d/b/a MINCING OVERSEAS SPICE COMPANY, and THE CAMDEN FIRE INSURANCE ASSOCIATION, as follows:

### THE PARTIES

1. Kerry, Inc. ("Kerry") is a Delaware corporation with its principal place of business in the State of Wisconsin. Kerry is a citizen of both Delaware and Wisconsin pursuant to 28 U.S.C. § 1332(c).

2. Mincing Trading Corporation d/b/a Mincing Overseas Spice Company (collectively "Mincing") is a New Jersey corporation with its principal place of business in the State of New Jersey. Mincing is a citizen of New Jersey pursuant to 28 U.S.C. § 1332(c).

3. The Camden Fire Insurance Association ("Camden") is an insurance company formed under the laws of the State of New Jersey, and is authorized under the State of New Jersey to engage in the business of writing insurance. Camden issued liability insurance to

Defendant Mincing that covers Mincing for all claims, damages and allegations herein, and is therefore directly liable to Plaintiff for them. Camden is a citizen of New Jersey pursuant to 28 U.S.C. § 1332(c).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332, as this action contains parties of diverse states and an amount in controversy exceeding $75,000, exclusive of interest and costs of this litigation.

5. Venue is appropriate in this District pursuant to 28 U.S.C. §1391(a) because the underlying contract for sale of goods was formed in the Western District of Wisconsin, the subject goods were delivered in the Western District of Wisconsin, and damages were sustained in the Western District of Wisconsin.

## FACTUAL ALLEGATIONS

6. Kerry is in the business of manufacturing, selling and distributing food ingredients.

7. As part of its business, Mincing produces, sells, and distributes spices and herbs, including basil.

8. Between February 1, 2010, and June 15, 2010, Mincing sold to Kerry certain batches of basil leaf spices described as "Basil Leaves, Whole," with a Code Number "SP.940," and Lots Numbers "8841N" and "3779N" (hereinafter "the Basil" or "the defective Basil").

9. After purchasing and receiving said batches of the Basil, Kerry incorporated the Basil into its own food products which it sold and distributed to its customers. In certain instances, Kerry's customers incorporated the Basil containing food products received from Kerry into their own food products.

2

10. In June 2010, Kerry began receiving complaints from its customers that Kerry's food products, which included the Basil it purchased from Mincing, contained pieces of blue and/or green foreign materials believed to be plastic.

11. The source of the plastic pieces was the Basil produced, sold, and distributed by Mincing.

12. The Basil sold to Kerry, which Kerry incorporated into its own product, was defective in that it contained pieces of plastic that are not a natural characteristic of basil and which are not intended for human consumption.

13. Mincing's production, sale, and distribution of the defective Basil directly and proximately caused property damage to Kerry's product and that of Kerry's customers, and diminished the value of Kerry's product and that of Kerry's customers.

14. As a direct and proximate result of Mincing's sale of the defective Basil to Kerry, Kerry sustained significant expenses, losses, and damages, including, but not limited to: (1) the cost of purchasing the defective Basil; (2) freight, warehousing, and storage costs; (3) value of discarded product which had been tainted by the Basil; (4) destruction costs; (5) additional labor and handling costs; (6) lost profits; and (7) the cost of reimbursing Kerry's customers for their expenses, losses, damages, and lost sales and profits, incurred and sustained as a result of the defective Basil.

## COUNT I
## NEGLIGENCE

15. Plaintiff reasserts and realleges paragraphs 1 through 13 as if fully stated herein.

16. Mincing owed a duty to Kerry to produce, sell, and distribute basil which was free of defects, including foreign and/or plastic material, and which would not cause damage to, and diminish the value of, Kerry's property or that of Kerry's customers.

3

17.  Mincing breached its duty owed to Kerry in one or more of the following respects:

   a.  Mincing negligently failed to ensure that the Basil it produced, sold, and/or distributed was free of defects, including foreign materials such as plastic;

   b.  Mincing negligently failed to properly clean the Basil to ensure that it was free of foreign materials, including plastic;

   c.  Mincing negligently failed to properly inspect the Basil to ensure that it was free of foreign materials, including plastic; and/or

   d.  Mincing negligently failed to advise or warn Kerry of the fact that its Basil contained plastic.

18.  Mincing's negligence directly and proximately caused property damage to Kerry's product and that of Kerry's customers, and diminished the value of Kerry's product and that of Kerry's customers.

19.  As a direct and proximate result of Mincing's sale of the defective Basil to Kerry, Kerry sustained significant expenses, losses, and damages, including, but not limited to: (1) the cost of purchasing the defective Basil; (2) freight, warehousing, and storage costs; (3) value of discarded product which had been tainted by the Basil; (4) destruction costs; (5) additional labor and handling costs; (6) lost profits; and (7) the cost of reimbursing Kerry's customers for their expenses, losses, damages, and lost sales and profits, incurred and sustained as a result of the defective Basil.

WHEREFORE, Plaintiff, requests that this Court award damages in an amount in excess of $1,206,939.00. Plaintiff, further requests costs, attorneys' fees, and prejudgment interest related to this action, together with any such additional relief this Court deems just and proper.

## COUNT II
## STRICT PRODUCT LIABILITY

20.     Plaintiff reasserts and realleges paragraphs 1 through 13 as if fully stated herein.

21.     When Mincing produced, sold and/or distributed the Basil, it knew that Kerry would incorporate the Basil as an ingredient into its own food products and sell those products to downstream customers or consumers.

22.     At the time the Basil left the control of Mincing, it was in a defective and/or unsafe condition in that it contained pieces of plastic not intended for human consumption.

23.     The defective and unsafe condition of the Basil directly and proximately caused property damage to Kerry's product and that of Kerry's customers, and diminished the value of Kerry's product, and that of Kerry's customers.

24.     As a direct and proximate result of the defective and unsafe condition of the Basil, Kerry sustained significant expenses, losses, and damages, including: (1) the cost of purchasing the defective Basil; (2) freight, warehousing, and storage costs; (3) value of discarded product which had been tainted by the Basil; (4) destruction costs; (5) additional labor and handling costs; (6) lost profits; and (7) the cost of reimbursing Kerry's customers for their expenses, losses, damages, and lost sales and profits, incurred and sustained as a result of the defective Basil.

WHEREFORE, Plaintiff, requests that this Court award damages in an amount in excess of $1,206,939.00. Plaintiff, further requests costs, attorneys' fees, and prejudgment interest related to this action, together with any such additional relief this Court deems just and proper.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

25.     Plaintiff reasserts and realleges paragraphs 1 through 13 as if fully stated herein.

5

26. At all times relevant to this cause of action, Mincing was a merchant with respect Basil.

27. The transactions involving the sale of the Basil from Mincing to Kerry included an implied warranty that the Basil would be merchantable.

28. The Basil sold to Kerry failed to be merchantable for one or more of the following reasons:

  a) the Basil was objectionable within the industry;

  b) the Basil was of less than fair average quality in that it contained plastic pieces;

  c) the Basil was not fit for the ordinary purposes for which it is used; and/or

  d) the Basil did not conform to the promises or affirmations of fact made by Mincing, including its characteristics, a lack of defects, and/or its composition.

29. Mincing breached the implied warranty of merchantability when it sold to Kerry defective Basil.

30. Kerry provided Mincing with reasonable and timely notice of Mincing's breach of warranty.

31. Mincing's breach of warranty caused property damage to Kerry's product and that of Kerry's customers, and diminished the value of Kerry's product and that of Kerry's customers.

32. As a direct and proximate result of Mincing's breach of the implied warranty of merchantability, Kerry sustained significant expenses, losses, and damages, including: (1) the cost of purchasing the defective Basil; (2) freight, warehousing, and storage costs; (3) value of discarded product which had been tainted by the Basil; (4) destruction costs; (5) additional labor and handling costs; (6) lost profits; and (7) the cost of reimbursing Kerry's customers for their

expenses, losses, damages, and lost sales and profits, incurred and sustained as a result of the defective Basil.

WHEREFORE, Plaintiff, requests that this Court award damages in an amount in excess of $1,206,939.00. Plaintiff, further requests costs, attorneys' fees, and prejudgment interest related to this action, together with any such additional relief this Court deems just and proper.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

33. Plaintiff reasserts and realleges paragraphs 1 through 13 as if fully stated herein.

34. At all times relevant to this cause of action, Mincing knew that Kerry would incorporate the Basil it into its own food products which would subsequently be purchased by its customers and ultimately individual consumers who would ingest the food.

35. At all times relevant to this cause of action, Kerry relied on Mincing's skill and judgment as a seller of basil to provide Kerry with basil which was suitable for Kerry's needs.

36. At all times relevant to this cause of action, Mincing knew that Kerry was relying on its skill and judgment as a seller of basil.

37. Mincing breached the implied warranty of fitness for a particular purpose when it sold and delivered to Kerry the defective Basil.

38. Kerry provided Mincing with reasonable and timely notice of Mincing's breach of warranty.

39. Mincing's breach of warranty caused property damage to Kerry's product and that of Kerry's customers, and diminished the value of Kerry's product and that of Kerry's customers.

40. As a direct and proximate result of Mincing's breach of the implied warranty of fitness for a particular purpose, Kerry sustained significant expenses, losses, and damages,

including: (1) the cost of purchasing the defective Basil; (2) freight, warehousing, and storage costs; (3) value of discarded product which had been tainted by the Basil; (4) destruction costs; (5) additional labor and handling costs; (6) lost profits; and (7) the cost of reimbursing Kerry's customers for their expenses, losses, damages, and lost sales and profits, incurred and sustained as a result of the defective Basil.

WHEREFORE, Plaintiff, requests that this Court award damages in an amount in excess of $1,206,939.00. Plaintiff, further requests costs, attorneys' fees, and prejudgment interest related to this action, together with any such additional relief this Court deems just and proper.

## COUNT V
## CONTRIBUTION

41. Plaintiff reasserts and realleges paragraphs 1 through 39 as if fully stated herein.

42. Kerry has paid its customers monetary compensation for the property damage they sustained, including the associated losses, damages, and expenses, arising from their purchase of product containing the defective Basil, and their incorporation of the defective Basil into their own product.

43. The expenses, losses, and damages, incurred and sustained by Kerry's customers were the direct and proximate result of Mincing's production, sale, and/or distribution of the defective Basil.

44. Kerry is entitled to contribution from Mincing for the damages Kerry has sustained, and/or will sustain, in responding to the claims asserted by Kerry's customers.

WHEREFORE, Plaintiff, requests that this Court award damages in an amount in excess of $1,206,939.00. Plaintiff, further requests costs, attorneys' fees, and prejudgment interest related to this action, together with any such additional relief this Court deems just and proper.

## COUNT VI
## IMPLIED INDEMNIFICATION

45. Plaintiff reasserts and realleges paragraphs 1 through 39 as if fully stated herein.

46. Kerry's customers have asserted claims against Kerry for monetary compensation for the property damage they sustained, including the associated losses, damages, and expenses, arising from their purchase of product containing the defective Basil, and their incorporation of the defective Basil into their own product.

47. The expenses, losses, and damages, incurred and sustained by Kerry's customers were the direct and proximate result of Mincing's production, sale, and/or distribution of defective Basil.

48. Kerry is entitled to complete indemnification by Mincing for all sums claimed by Kerry's customers, plus costs and attorneys' fees incurred by Kerry in responding to said claims.

WHEREFORE, Plaintiff, requests that this Court award damages in an amount in excess of $1,206,939.00. Plaintiff, further requests costs, attorneys' fees, and prejudgment interest related to this action, together with any such additional relief this Court deems just and proper.

Dated: August 15, 2011

Respectfully submitted,

**KERRY, INC.**

By: /s/ Bary L. Gassman
One of its attorneys

Bary L. Gassman
ASPERGER ASSOCIATES LLC
180 North Stetson Avenue, Suite 3050
Chicago, IL 60601
Tel: (312) 856-9901
Fax: (312) 856-9905
bgassman@asplaw.net